UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRUZ HOWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:19CV2343 NCC |
| ) | |
| ST. LOUIS COUNTY, MISSOURI, 21# ) | |
| JUDICIAL CIRCUIT COURT, and TROY ) | |
| DOYLE, ) | |
| ) | |
| Respondents. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on Cruz Howell's petition for writ of habeas corpus under 28 U.S.C. § 2241. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule l(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule l(a)"). For the reasons discussed below, the Court shall summarily dismiss the petition here.

**Background**

Petitioner is a Missouri state pretrial detainee, presently incarcerated at the St. Louis County Justice Center. His hand-written petition is titled "Motion for Writ of Habeas Corpus" and seeks relief under § 2241 for alleged violations of the Sixth Amendment right to a speedy trial. A review of the Court's docketing system reveals that petitioner has filed multiple nearly identical § 2241 cases, based on the same allegations. *See Howell v. Childrey*, 4:19-CV-90-JMB (filed January 18, 2019, and dismissed Feb. 11, 2019); *Howell v. Childrey*, 4:19-CV-174-JMB (filed February 4, 2019, and dismissed Mar. 14, 2019); *Howell v. Childrey*, 4:19-CV-936-HEA

(filed April 17, 2019, and dismissed July 9, 2019); *Howell v. Doyle*, 4:19-CV-1397-JMB (filed May 20, 2019, motion to withdraw petition granted, and case dismissed June 19, 2019); *Howell v. St. Louis County, MO*, 4:19-CV-2008-JMB (filed June 6, 2019, in the District of Columbia, transferred into this Court on July 16, 2019, and dismissed July 24, 2019); *Howell v. St. Louis County, MO*, 4:19-CV-2009-JMB (filed June 6, 2019, in the District of Columbia, transferred into this Court on July 16, 2019, and dismissed July 24, 2019).

Petitioner's first two § 2241 cases were dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases, after the Court analyzed the allegations of the petitions and found that the petitioner was not entitled to relief. *See Howell v. Childrey*, 4:19-CV-90-JMB, ECF Nos. 5 & 6; *Howell v. Childrey*, 4:19-CV-174-JMB, ECF Nos. 8 & 9. Following those dismissals on the merits, three of petitioner's § 2241 cases were dismissed as both duplicative and second or successive petitions not certified by the Court of Appeals. *See Howell v. Childrey*, 4:19-CV-936-HEA, ECF Nos. 10 & 11; *Howell v. St. Louis County, MO*, 4:19-CV-2008-JMB, ECF Nos. 6 & 7; *Howell v. St. Louis County, MO*, 4:19-CV-2009-JMB, ECF Nos. 6 & 7. As of the date of this order, none of these dismissals have been appealed by petitioner.

**Discussion**

Just as in the prior cases, the Court finds that the petition here is subject to dismissal on two grounds. First, the petition is duplicative of other petitions filed that have already been decided on the merits. Second, the petition is a second or successive habeas petition that has not been certified by the Court of Appeals. *See also Sweeny v. U.S. Parole Comm'n*, 197 F. Supp. 3d 78, 80-82 (D.D.C. 2016) (dismissing § 2241 petition as both duplicative and a second or successive petition).

The Supreme Court "has consistently relied on the equitable nature of habeas corpus to preclude application of strict rules of res judicata." *Schlup v. Delo*, 513 U.S. 298, 319 (1995).

However, the Court has identified a general policy that duplicative litigation in federal courts should be avoided. *See Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) ("As between federal district courts … though no precise rule has evolved, the general principle is to avoid duplicative litigation."). The petitions filed by petitioner in his prior § 2241 cases are identical to the petition filed in this case in all relevant matters. All the petitions contain the same title, seek the same relief under the same statute, and (absent a few immaterial missing words or spelling differences) contain identical wording in the five-paragraph argument. *See I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (general rule for determining duplicative litigation is whether parties, issues, and available relief do not significantly differ between two actions). The Eighth Circuit has held that dismissal of duplicative litigation is appropriate to avoid the "unnecessary expenditure of scarce federal judicial resources" and "jurisprudential concerns." *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001). The petition in this case is clearly duplicative of the petitions dismissed on the merits in petitioner's prior § 2241 cases in this Court, and is therefore subject to dismissal.

In addition, under 28 U.S.C. § 2244(a), district courts are not required to consider an application for writ of habeas corpus where it appears that the legality of petitioner's detention has already been determined by a judge or court of the United States on a prior application for a writ of habeas corpus. Section 2244(a)'s prohibition on the filing of second or successive petitions applies to habeas petitions filed under § 2241 if the issues therein were, or could have been, decided in a previous federal habeas action. *See, e.g., Shabazz v. Keating*, 242 F.3d 390, 392 (10th Cir. 2000) (unpublished) (stating that § 2244(a) means that "we are not required to entertain a § 2241 petition if the legality of the detention has been determined by a prior application"); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (same);

*see also Phelps v. U.S. Federal Government*, 15 F.3d 735, 737-38 (8th Cir. 1994) (affirming district court's application of pre-AEDPA version of § 2244 to find an abuse of the writ in a successive § 2241 petition). The exception to the second or successive petition prohibition is when an applicant has received authorization for his second petition from the Court of Appeals. *See also Burton v. Stewart*, 549 U.S. 147, 152 (2007) (quoting 28 U.S.C. § 2244(b)(3)(A)) ("a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'") Petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring this second or successive habeas petition in this Court. 28 U.S.C. § 2244(b)(3)(A). Because there is no indication that petitioner has obtained permission from the Court of Appeals to maintain the instant application in this Court, the Court lacks authority to grant petitioner the relief he seeks.

For the reasons discussed above, it plainly appears that petitioner is not entitled to relief on his § 2241 petition. Therefore, the petition will be summarily dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 15th day of August, 2019.

                                                                  HENRY EDWARD AUTREY
                                                                  UNITED STATES DISTRICT JUDGE